IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HENKEL and TYLER KOENIG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 02-4060 |
| NATIONAL COLLEGIATE | : | |
| ATHLETIC ASSOC. | : | |
| | : | |

**O R D E R**

AND NOW, this 24th day of October, 2002, inasmuch as the parties agree that plaintiffs' claims are moot, this action is dismissed;[1] defendant's motion to dismiss and for summary judgment is dismissed as moot; and plaintiffs' request for sanctions, deferred by order dated July 23, 2002, is denied.

_____
Edmund V. Ludwig, J.

_____

[1] On June 26, 2002, plaintiffs filed this action on behalf of themselves as named plaintiffs and a putative class alleging that NCAA's by-laws prevented participation in NCAA events and, consequently, limited their opportunities of recruitment for college basketball scholarships and teams. On July 9, 2002, plaintiffs, through counsel, requested waivers of this by-law, and on July 16, 2002, the NCAA granted the requests. On August 26, 2002, defendant filed the motion to dismiss, arguing, in part, that the claims of the class representatives were moot.

On August 28, 2002, our Court of Appeals ruled in Cobert v. Dymacol,Inc., 2002 WL 31194318 (3d. Cir. 2002), that a class action becomes moot when a representative's claims become moot if no motion for class certification has yet been filed. On September 20, 2002, citing Colbert, plaintiff filed a response stipulating to the mootness of the claim and agreeing the action should be dismissed. On October 3, 2002, Colbert was vacated because rehearing *en banc* was granted; however, the positions of the parties on mootness are unchanged.